UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1530 PA (MRWx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-Shirt AT Fashion LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Default Judgment (Docket No. 24) filed by plaintiff Patagonia, Inc. ("Plaintiff").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 16, 2023, is vacated, and the matter taken off calendar.

In its Complaint, Plaintiff, a prominent outdoor apparel and equipment maker, alleges claims for copyright and trademark infringement against Defendant T-shirt AT Fashion LLC ("Defendant"), an online seller which has used an address in Texas.  According to the Complaint, Plaintiff owns numerous registered trademarks and a registered copyright for its "P-6 logo" design.  The Complaint alleges that Defendant has promoted, offered for sale, and sold products, including t-shirts, bearing counterfeit reproductions of Plaintiff's trademarks and copyrights.  After its efforts to serve Defendant were not successful, Plaintiff sought the Court's permission to serve Defendant through alternative means, including by publication, which the Court granted.  Plaintiff completed service on June 30, 2023.  Defendant has not appeared and the Clerk entered Defendant's default on August 11, 2023.

Plaintiff's Motion for Default Judgment seeks an award of statutory damages for trademark infringement of $200,000.00, and an additional $30,000.00 in statutory damages for copyright infringement, attorneys' fees pursuant to Local Rule 55-3, costs, and injunctive relief. Despite the deadline for Defendant to file an Opposition to the Motion for Default Judgment having expired, Defendant has not done so or otherwise appeared in the action.

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment.  The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).  The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1530 PA (MRWx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-Shirt AT Fashion LLC | | |

true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Motion. In light of the well-pleaded allegations in the Complaint and the failure of Defendant to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of this case outweighs Defendant's interest in adjudication on the merits. See PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

While allegations in the Complaint regarding liability are deemed admitted, allegations regarding damages are not. Geddes, 559 F.2d at 560. Rather, unliquidated damages must be supported by admissible evidence. Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 22, 89 L. Ed. 3, 11 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); see also Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093-94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence."). Pursuant to Local Rule 55-2, "[i]f the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." L.R. 55-2.

Here, Plaintiff seeks $30,000.00 in statutory damages for copyright infringement. The Copyright Act provides:

> (1)   Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one

Case 2:23-cv-01530-PA-MRW   Document 25   Filed 10/10/23   Page 3 of 7   Page ID #:177

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1530 PA (MRWx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-Shirt AT Fashion LLC | | |

> infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000.

17 U.S.C. § 504(c).

Where, as here, a plaintiff elects to seek statutory damages, "the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990); Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 993 (9th Cir. 2009). Courts have applied the following factors in cases involving the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c): "restitution of profit, reparation of injury, and deterrence of future infringement." Symantec Corp. v. Logical Plus, Inc., No. C 06-7963 SI, 2010 WL 2330388, at *2 (N.D. Cal. June 4, 2010); see also Phillip Morris USA Inc. v. Shalabi, 352 F. Supp. 2d 1067, 1076 (C.D. Cal. 2004). Courts have also considered "whether the amount of damages requested bears . . . [a] 'plausible relationship' to Plaintiff's actual damages." Adobe Sys., Inc. v. Tilley, No. C 09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010) ("These courts have noted that while the plaintiff in a trademark or copyright infringement case is entitled to damages that will serve as a deterrent, it is not entitled [to] a windfall.").

Plaintiff also seeks an award of damages under the Lanham Act for trademark infringement. An award of damages for both copyright and trademark infringement does not constitute an impermissible double recovery. See Nintendo of Am., Inc. v. Dragon Pac. Int'l, 40 F.3d 1007, 1011 (9th Cir. 1994) ("Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both."). The Lanham Act provides:

> [T]he plaintiff shall be entitled, subject . . . to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1530 PA (MRWx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-Shirt AT Fashion LLC | | |

> defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

15 U.S.C. § 1117(a). The Lanham Act also provides for an award of statutory damages for the use of a counterfeit mark:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—
>
> > (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
> >
> > (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). "A court has wide discretion to determine the amount of statutory damages between the statutory maxima and minima." Microsoft Corp. v. Ricketts, No. C 06-06712 WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007) (citing Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1530 PA (MRWx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-Shirt AT Fashion LLC | | |

As "[t]he Lanham Act does not provide specific guidance regarding how to determine the amount of statutory damages, . . . courts awarding statutory damages under the Lanham Act have often looked to the case law interpreting the similar statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)." Symantec Corp. v. Logical Plus, Inc., No. C 06-7963 SI, 2010 WL 2330388, at *2 (N.D. Cal. June 4, 2010); see also Phillip Morris USA Inc. v. Shalabi, 352 F. Supp. 2d 1067, 1076 (C.D. Cal. 2004). Accordingly, Courts consider "whether the amount of damages requested bears a 'plausible relationship to Plaintiff's actual damages' and whether the amount is sufficient to deter future infringement." Chanel, Inc. v. Gupton, 2015 U.S. Dist. LEXIS 24997, at **16–17 (N.D. Cal. Jan. 15, 2015); see Playboy Enters. v. Baccarat Clothing Co., 692 F.2d 1272, 1274–75 (9th Cir. 1982); Adobe Sys., Inc. v. Tilley, No. C 09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010) ("These courts have noted that while the plaintiff in a trademark or copyright infringement case is entitled to damages that will serve as a deterrent, it is not entitled [to] a windfall.").

The Court finds Plaintiff's request for the maximum $230,000.00 in statutory damages for non-willful copyright and trademark infringement ($30,000.00 for copyright infringement and $200,000 for infringement under the Lanham Act) to be excessive. The Court notes that neither the Complaint nor Plaintiff's Declaration filed in support of the Motion for Default Judgment makes any effort to quantify the scope of Defendant's infringing activities, but the Complaint and evidence suggests that Defendant is not a major supplier of counterfeit goods and instead offers infringing goods on an individual "on-demand" basis. (See Compl. at 1:23-25 ("Defendant is a retailer who offers, promotes, and sells apparel and other products to consumers and resellers; it fulfills orders by manufacturing and/or printing specific quantities of such products that are requested, operating as a 'print-on-demand' business.").) An award of the magnitude sought by Plaintiff would, in these circumstances, provide a windfall to Plaintiff far in excess of the amount necessary to adequate punish and deter Defendant from engaging in future infringement. Therefore, the Court, in its wide discretion, concludes that statutory damages of $30,000.00 for copyright infringement and $30,000.00 under the Lanham Act for trademark infringement, for a total of $60,000.00 in statutory damages are warranted.

Plaintiff also seeks to recover its attorneys' fees. Both the Copyright and Lanham Acts allow for the award of attorneys' fees. See 15 U.S.C. § 1117(a); see also 17 U.S.C. § 505. Pursuant to the schedule set forth in Local Rule 55-3, the Court awards Plaintiff $4,000.00 in attorneys' fees ($3,600 plus 4% of the $10,000 in statutory damages above $50,000).

Plaintiff also seeks injunctive relief as part of its claims for copyright and trademark infringement. See 15 U.S.C. § 1116(a) ("The several courts vested with jurisdiction of civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1530 PA (MRWx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-Shirt AT Fashion LLC | | |

actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title."); see also 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). The Court concludes that the equitable factors support the issuance of permanent injunctive relief in this instance.

The Court therefore permanently enjoins Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, from:

a) Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the T-shirt AT Fashion Designs, or any other approximation of Patagonia's trademarks; or

b) Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products with Patagonia, or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark; or

c) Manufacturing, licensing, selling, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any goods or services, or participating in the manufacture, license, sale, offer for sale, distribution, import, export, advertisement, promotion, or display of any goods or services, that display a copy of Patagonia's copyrighted P-6 design, or any other graphic that is substantially similar to the P-6 design.

Accordingly, the Court grants Plaintiff's Motion for Default Judgment. The Court will issue a Judgment in the amount of $64,000.000.00 (consisting of $30,000.00 in statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1530 PA (MRWx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-Shirt AT Fashion LLC | | |

Copyright damages, $30,000.00 in statutory Lanham Act damages, and $4,000.00 in attorneys' fees). The Court will enter a Judgment consistent with this Order.

    IT IS SO ORDERED.